AARON L. ALTMAN [AA-0822]
ALTMAN SCHOCHET LLP
225 BROADWAY - 39TH FLOOR
NEW YORK, N.Y. 10007
(212) 344-8000

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
SHEKIRA THOMPSON

                        Plaintiff,                        **COMPLAINT**

              - against -                      **PLAINTIFF
                                                                                      DEMANDS A
                                                                                       TRIAL BY JURY**

THE CITY OF NEW YORK, JOHN DOE(s)1 through
5, individually and in their official capacity.

                        Defendants.
----------------------------------------------------------------------X

## JURISDICTION AND VENUE

1.      This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York State common law. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all state law claims.

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff, SHEKIRA THOMPSON, is a 26 year old female, who, at all times

relevant to this action, was a resident of the State of New York, Queens County.

5. Defendant City of New York is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYC Department of Corrections, was responsible for the policy, practice, supervision, implementation, and conduct of all NYC Department of Corrections matters and was responsible for the appointment, training, supervision, and conduct of all NYC Department of Corrections personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYC Department of Corrections, and for ensuring that the NYC Department of Corrections personnel obey the laws of the United States and of the State of New York.

6. At all relevant times, Defendants John Doe 1 through 5 are and were duly appointed and acting officers, servants, employees and agents of the City and/or the NYC Department of Corrections, a municipal agency of the City. At all relevant times said individuals are and were acting under color of state law in the course and scope of their employment and functions as officers, agents, servants, and employees of the City. They were also acting for, and on behalf of, and with the power and authority vested in them by the City and the NYC Department of Corrections, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants John Doe 1 through 5 are sued in their official and individual capacities.

## NOTICE OF CLAIM

7. Within 90 days of the events giving rise to these claims, Plaintiff filed a Notice of Claim with the New York City Office of the Comptroller in compliance

with General Municipal Law, Section 50.

8. More than 30 days have elapsed since service/filing of the Notice, and the City has failed to pay or adjust the claim.

9. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTUAL AND GENERAL ALLEGATIONS

10. On February 21, 2016, Plaintiff was arrested for Criminal Possession of a Controlled Substance in the First Degree in violation of N.Y.S. Penal Law §220.21(1).

11. Bail was set by the Criminal Court of the City of New York in the amount of one hundred thousand dollars ($100,000.00) bond with a cash alternative of fifty thousand dollars ($50,000,00).

12. For approximately one month following her arrest, Plaintiff remained incarcerated within the New York City Department of Corrections until she was able to post bail on or about March 21, 2016.

13. Once Plaintiff was released on bail she remained at liberty throughout the pendency of her criminal case.

14. On February 16, 2017, Plaintiff entered a plea of guilty to a lesser charge of Criminal Possession of a Controlled Substance in the Third Degree in violation of N.Y.S. Penal Law §220.16 (12) with a promised sentence of one (1) year of upstate incarceration. This disposition was entered pursuant to a negotiated plea.

15. Plaintiff remained out on bail until she was sentenced.

16. On May 1, 2017, Plaintiff was sentenced to one (1) year of upstate

incarceration, pursuant to the negotiated plea. On this date, Plaintiff was taken into custody and transferred from the court room to the NYC Department of Corrections.

17.   Upon information and belief, Plaintiff was taken from court and processed through the NYC Department of Corrections.

18.   Upon information and belief, the processing of Plaintiff through the NYC Department of Corrections required Defendants to accurately read, record and calculate the sentence imposed by the court.

19.   Upon information and belief, John Doe(s)1-3 failed to accurately read, record and calculate the sentence imposed by the court.

20.   Upon information and belief, John Doe(s) 4 and 5 failed, in their supervisory capacities, to insure that Plaintiff's sentence was accurately read, calculated and recorded in accordance with the Court's order.

21.   As a result of Defendant John Doe 1 through 5's actions and/or their failure to act, Plaintiff's sentence was incorrectly read, calculated, imposed and electronically recorded in the data base of the NYC Department of Corrections. The Defendants calculated and recorded Plaintiff's sentence as a downstate year rather than the court ordered sentence of an upstate year.

22.   In light of Defendants' incorrect reading, calculation and recording of the proper sentence, Defendants failed to transfer Plaintiff upstate so that she may serve her imposed sentence. Instead, Defendants incorrectly calculated and recorded a downstate release date of December 1, 2017 and maintained custody of the Plaintiff at the Rikers Island Prison Complex

23.   On December 1, 2017, Plaintiff was scheduled to be released from the

custody of the NYC Department of Corrections when the Defendants recalculated Plaintiff's sentence and told her that she would first be transferred upstate to serve an additional ten (10) months in jail.

24.    Plaintiff, who was in her third trimester of pregnancy, was overcome with stress and prematurely went into labor.

25.    Plaintiff was transferred to Elmhurst Hospital prisoner's ward where she gave birth to a son.

26.    On or about December 3, 2017, Plaintiff was transferred back to the Rikers Island Prison Complex of the NYC Department of Corrections but her new born infant was released to the custody of Plaintiff's mother.

27.    On or about December 14, 2017, Defendants first transferred Plaintiff upstate to the Bedford Hills Correctional Facility.

28.    As per New York State Department of Corrections, Plaintiff's merit release date on her upstate sentence imposed by the court was December 12, 2017.

29.    Plaintiff, however, was unable to earn merit time in the upstate system since Defendants maintained downstate custody of the Plaintiff based on their incorrect reading, calculation and recording of her actual sentence.

30.    As a result of Defendants conduct, Plaintiff was not transferred to State custody in a timely manner and thereby precluded from earning merit time.

31.    In light of Defendants' failures to carry out the correct sentence and transfer Plaintiff upstate, Plaintiff was given a new upstate release date of February 14, 2018.

32. In order to shorten the jail time Plaintiff was to serve beyond her merit release date in upstate prison, Plaintiff was produced before the sentencing court on January 5, 2018, whereupon the court vacated Plaintiff's original sentence and re-sentenced Plaintiff to a downstate year.

33. Although the newly imposed sentence was essentially a time served sentence, Defendants refused to release the Plaintiff and sent her back upstate to Bedford Hills Correctional Facility.

34. Defendants sent Plaintiff upstate to the Bedford Hills Correctional Facility, knowing that her upstate sentence was vacated and upstate did not have any jurisdiction over the Plaintiff.

35. On January 8, 2018, Plaintiff was released from custody.

36. Because of Defendants' actions, inactions and failure to intervene, Plaintiff was in custody for 27 days beyond her upstate merit release date.

## FIRST CAUSE OF ACTION
### (U.S.C. § 1983 – False Imprisonment)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. Defendants John Doe 1 through 5 intentionally, falsely, unlawfully, wrongfully, and without Plaintiff's consent and against her will, maintained custody and imprisonment of Plaintiff.

39. Plaintiff was conscious of the confinement.

40. Plaintiff's confinement was not otherwise privileged because Defendants John Doe 1 through 5 knew, or should have known, that Plaintiff was unlawfully being

held in city custody when her actual sentence required that she serve an upstate jail sentence.

41. As a direct and proximate result of Plaintiff's false imprisonment detailed above, Plaintiff sustained the damages hereinbefore alleged, which include Plaintiff having to serve twenty-seven (27) days beyond her upstate merit release date. This occurred without any fault or provocation on the part of Plaintiff. Thus, Plaintiff is entitled to an award of monetary damages and other relief.

42. Defendants John Doe 1 through 5, acted wantonly, willfully, maliciously and/or cruelly in falsely imprisoning Plaintiff, entitling Plaintiff to an award of punitive damages.

43. Defendants John Doe 1 through 5 acted under pretense and color of state law in their individual and official capacities and within the scope of their respective employment as NYC Department of Corrections officers/personnel. Said acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

45. Defendants John Doe 1 through 5 exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from unlawful imprisonment, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
(§1983 - Due Process)

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. Defendants John Doe 1 through 5 knew, or should have known, that plaintiff was unlawfully being held in city custody when her actual sentence required that she serve an upstate jail sentence.

48. Plaintiff was essentially divested of her right to be treated as a state inmate pursuant to her negotiated plea and promised sentence. Without any due process, Defendants unilaterally changed Plaintiff's intended classification as an upstate inmate to that of City or downstate inmate, thereby depriving Plaintiff of all her rights and privileges as an upstate inmate, including the ability to earn merit time.

49. In light of the above conduct, Defendants engaged in arbitrary and capricious acts in violation of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

50. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to be imprisoned unlawfully, suffer emotional distress, mental anguish, loss of consortium with her newborn and the loss of her constitutional rights.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

52. Defendants John Doe 1 through 5 exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from unlawful imprisonment, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION
### (42.S.C. § 1983 – Failure to Intervene)

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendants John Doe 4 and 5 were supervising officers / personnel within the New York City Department of Corrections.

55. Defendants John Doe 4 and 5 had a reasonable opportunity to prevent Plaintiff's unlawful imprisonment.

56. A reasonable person in Defendants John Doe 4 and 5 respective positions would know the Plaintiff's constitutional rights were being violated.

57. Defendants John Doe 4 and 5 took no reasonable steps to intervene to prevent the violation of Plaintiff's constitutional rights.

58. As a direct and proximate result of Defendants' John Doe 4 and 5 failure to intervene, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

60. Defendants John Doe 4 and 5 exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from unlawful imprisonment, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (False Imprisonment in Violation of New York State Common Law)

61. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. Defendants John Doe 1 through 5 intentionally, falsely, unlawfully and wrongfully, and without Plaintiff's consent and against her will, falsely imprisoned Plaintiff.

63. Plaintiff was conscious of the confinement.

64. Plaintiff's confinement was not otherwise privileged because Defendants John Doe 1 through 5 knew, or should have known, that plaintiff was unlawfully being held in city custody when her actual sentence required that she serve an upstate jail sentence.

65. Plaintiff was essentially divested of her right to be treated as a state inmate pursuant to her negotiated plea and promised sentence. Without any due process, Defendants unilaterally changed Plaintiff's intended classification as an upstate inmate to that of City or downstate inmate, thereby depriving Plaintiff of all her rights and privileges as an upstate inmate, including the ability to earn merit time.

66. Because Defendant John Doe 1 through 5 acted within the scope of their duties as officers, members and/or agents of the New York City Department of

Corrections, Defendant City is also liable under this claim based on a theory of respondeat superior.

67. As a direct and proximate result of Plaintiff's false imprisonment detailed above, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

68. Defendants John Doe 1 through 5, acted wantonly, willfully, maliciously and/or cruelly in falsely imprisoning Plaintiff, entitling Plaintiff to an award of punitive damages.

### FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

69. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70. On December 1, 2017, Plaintiff was scheduled to be released from custody based on Defendants' incorrect classification of Plaintiff as an inmate sentenced to a downstate year. On said date Defendants, John Doe 1 through 5, reviewed Plaintiff's sentence and incorrectly informed Plaintiff that she was first going to be transferred upstate to serve a ten (10) month sentence.

71. Plaintiff was in her third trimester of pregnancy when Defendants, John Doe 1 through 5, told her she was first being transferred upstate, whereupon Plaintiff became extremely distressed, went into labor and gave birth well before her anticipated delivery date.

72. Upon giving birth, Plaintiff's infant was placed in the custody of Plaintiff's mother and Plaintiff remained incarcerated for an additional thirty-eight (38) days.[1]

73. The conduct of Defendants, John Doe 1 through 5, was so extreme and outrageous as to exceed the bounds of decency in a civilized society.

74. Defendants, John Doe 1 through 5, intended or disregarded a substantial probability of causing plaintiff emotional distress.

75. Because Defendant John Doe 1 through 5 acted within the scope of their duties as officers, members and/or agents of the New York City Department of Corrections, Defendant City is also liable under this claim based on a theory of respondeat superior.

76. As a direct and proximate result of Defendants John Doe 1 through 5's misconduct, which was so outrageous in character and so extreme in degree as to exceed all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community, Plaintiff suffered mental and emotional distress and anguish. She has suffered, and continues to suffer stress and anxiety and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

77. Defendants, John Doe 1 through 5's, extreme and outrageous conduct was wanton, willful, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

78. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

---

[1] Twenty-Seven (27) of those days were beyond Plaintiff's upstate merit release date.

79. On December 1, 2017, Plaintiff was scheduled to be released from custody based on Defendants incorrect classification of Plaintiff as an inmate sentenced to a downstate year. On said date Defendants, John Doe 1 through 5, reviewed Plaintiff's sentence and incorrectly informed Plaintiff that she was first going to be transferred upstate to serve a ten (10) month sentence.

80. Plaintiff was in her third trimester of pregnancy when Defendants, John Doe 1 through 5, told her she was first being transferred upstate, whereupon Plaintiff became extremely distressed, went into labor and gave birth well before her anticipated delivery date.

81. Upon giving birth, Plaintiff's infant was placed in the custody of Plaintiff's mother and Plaintiff remained incarcerated for an additional thirty-eight (38) days.

82. Defendants John Doe 1 through 5 unlawfully imprisoned Plaintiff.

83. Defendants John Doe 1 through 5's conduct created an unreasonable and foreseeable risk of causing Plaintiff emotional distress by callously providing her with misinformation concerning the length of her incarceration and by doing so, unreasonably endangered Plaintiff and her child, causing Plaintiff to fear for both of their wellbeing.

84. Because Defendant John Doe 1 through 5 acted within the scope of their duties as officers, members and/or agents of the New York City Department of Corrections, Defendant City is also liable under this claim based on a theory of respondeat superior.

85. As a direct and proximate result of Defendants John Doe 1 through 5's negligence, Plaintiff suffered severe emotional distress and suffered, and continues to

suffer, from stress and anxiety, emotional pain and suffering, and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

86. Defendants John Doe 1 through 5's conduct amounted to utter recklessness and was so wantonly negligent as to be the equivalent of a conscious disregard for Plaintiff's rights, demonstrated a high degree of moral culpability, was designed to oppress and injure, evinced a conscious indifference to the effects of their acts, was committed without regard to the rights of Plaintiff or of people in general, and involved wrongdoing to the public, entitling Plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### (City Negligence)

87. Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

88. Defendant City has a duty under 42 U.S.C. § 1983, as well as under the Fourth and Fourteenth Amendments, under New York State common law, and their own policies, rules, practices, and/or procedures, to prevent and/or cease the false imprisonment, and prevent other unlawful acts that were committed against Plaintiff.

89. By inflicting and failing to prevent the above stated abuses suffered by Plaintiff, Defendants John Doe 1 through 5 violated their duty to Plaintiff and acted unreasonably, recklessly and negligently.

90. Defendants John Doe 1 through 5 failed to exercise the slightest amount of due care to protect Plaintiff's civil and constitutional rights against false imprisonment

and other unlawful acts, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

91.     Because Defendant John Doe 1 through 5 acted within the scope of their duties as officers, members and/or agents of the New York City Department of Corrections, Defendant City is also liable under this claim based on a theory of respondeat superior.

92.     As a direct and proximate result of the negligence described herein and attributable to the City and to Defendants John Doe 1 through 5, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

## EIGTH CAUSE OF ACTION
### (Negligent Hiring, Retention and Supervision)

93.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94.     Upon information and belief, Defendant City, through the NYC Department of Corrections, owed a duty of care to Plaintiff to prevent the harm Plaintiff sustained.

95.     Upon information and belief, Defendant City, through the NYC Department of Corrections, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

96.     Upon information and belief, Defendants John Doe 1 through 5 were unfit and incompetent for their positions.

97. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that Defendants John Doe 1 through 5 were potentially incompetent.

98. In addition, the City knew or should have known through the exercise of reasonable diligence that Defendants John Doe 1 through 5 would engage in conduct that led to the violations of Plaintiff's constitutional rights and other abuses that she suffered.

99. The City's negligence in hiring and retaining Defendants John Doe 1 through 5 directly and proximately caused Plaintiff's injuries.

100. Further, since Defendant John Doe 1 through 5 acted within the scope of their duties as officers, members and/or agents of the New York City Department of Corrections, Defendant City is also liable under this claim based on a theory of respondeat superior.

101. As a direct and proximate result of the negligent hiring described herein, Plaintiff has suffered, and continues to suffer emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the PLAINTIFF demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual damages in an amount to be determined at trial;

viii) On the eighth claim, actual damages in an amount to be determined at trial;

ix) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

x) Such other relief as the Court deems just and proper.

Dated: New York, New York
July 27, 2018

ALTMAN SCHOCHET LLP
Attorneys for PLAINTIFF

By: /s/ Aaron L. Altman
Aaron L. Altman [AA-0822]
225 Broadway, 39th Floor
New York, New York 10007
(212) 344-8000